# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SANDRA D. SOLOMON,

                Plaintiff,

      v.                                Case No. 20-CV-66

JANET PROTASIEWICZ, et al.,

                Defendants.

# ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE AND RECOMMENDATION THAT CASE BE DISMISSED

Sandra D. Solomon filed a 65-page complaint relating to her 2016 conviction for criminal damage to property. The complaint names dozens of people and organizations, although it is unclear whether she intends to name each as a defendant. According to court records available online, links to which Solomon included in her complaint, Solomon was charged with criminal damage to property and disorderly conduct. *See* Milwaukee Cnty. Cir. Ct. Case No. 2016CM000842, available at https://wcca.wicourts.gov/. The state alleged that both offenses were domestic abuse related. On July 20, 2016, Solomon pled guilty to criminal damage to property. In exchange, the disorderly conduct charge was dismissed but read in. Solomon appealed,

alleging that the guilty plea was involuntary. The court of appeals rejected this argument and affirmed her conviction. *See* Wis. Ct. App. Case No. 2018AP000298, available at https://wscca.wicourts.gov/.

Accompanying Solomon's complaint was a Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Solomon's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Solomon's Request to Proceed in District Court without Prepaying the Filing Fee will be granted. However, because the court is granting Solomon's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant

2

who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

3

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. The court has thoroughly reviewed Solomon's filings and has not been able to discern any plausible claim over which this

4

court has jurisdiction. Federal courts have limited jurisdiction, meaning they can hear only certain types of cases or cases under only certain circumstances. One category of cases commonly heard in federal courts are cases that arise under federal law. *See* 28 U.S.C. § 1331. Under 42 U.S.C. § 1983, these cases can include claims that a person acting on behalf of a state violated a plaintiff's constitutional rights. It appears that this is what Solomon is attempting to allege.

The focus of Solomon's complaint is Judge Janet Protasiewicz, who presided over Solomon's criminal case. However, a judge is entitled to absolute immunity for her judicial actions. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988)). Therefore, no claim may proceed against Judge Protasiewicz or any of the other judicial officials Solomon appears to have attempted to name as defendants.

In addition, to the extent Solomon's complaint seeks to name any prosecutor or prosecutor's office as a defendant, prosecutorial immunity is one reason no such claim may proceed. "Prosecutors, like judges, enjoy absolute immunity from federal tort liability, whether common law or constitutional, because of 'concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976)). That

means that, if a prosecutor allegedly injures someone as a result of anything the prosecutor did "as an advocate for the State," the prosecutor cannot be sued for damages. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). There are certain exceptions, *see Van de Kamp v. Goldstein*, 555 U.S. 355, 342 (2009) (discussing cases), but the complaint contains no hint that any such exception might apply in this case.

The two lawyers who represented Solomon in her underlying criminal case are also significant in her complaint. However, a constitutional claim of ineffective assistance of counsel is not a tort for which a person may receive damages. *See House v. Ptacek*, No. 15-cv-1308-pp, 2015 U.S. Dist. LEXIS 169346, at *12 (E.D. Wis. Dec. 18, 2015) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). And even if Solomon could adequately allege a claim such as legal malpractice, this court would not have jurisdiction to hear the claim because there is no indication Solomon and her lawyers are citizens of different states. *See* 28 U.S.C. § 1332.

Solomon also appears to attempt to name certain police officers and police departments as defendants. The nature of any such claim is unclear. But any claim would appear to be inconsistent with her conviction. When a person has been convicted of a crime, that person cannot pursue a civil claim that would be inconsistent with that conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The court must also consider whether Solomon is attempting to pursue a petition for a writ of habeas corpus. Her complaint contains a long list of individuals and organizations. Following a dozen such names, Solomon writes, "*Use as a Habeas Corpus*, re: Filing this as a complaint against Judge Janet Protasiewicz." (ECF No. 1 at 24-27 (emphasis in original).) Others are followed by simply, "re: Filing this as a complaint against Judge Janet Protasiewicz," and still others are followed only by, "CC." It is unclear whether Solomon intended to name all such persons and entities as defendants or if she was simply informing the court of where she sent copies of her complaint.

A petition for a writ of habeas corpus under 28 U.S.C. § 2254 is available only to persons who are in custody pursuant to the judgment of a state court. There is no indication that Solomon is in custody pursuant to her 2016 misdemeanor conviction for which she was sentenced to 18 months of probation. Moreover, Solomon seeks damages, which are not available by way of a habeas petition.

**IT IS THEREFORE ORDERED** that Solomon's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Solomon's complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

be filed within 14 days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Alternatively, within 14 days of this order, Solomon may submit an amended complaint addressing the identified deficiencies. Any amended complaint takes the place of the original complaint and therefore an amended complaint must be complete on its own without reference to the original complaint. The court will then review any amended complaint and determine whether it is sufficient to proceed.

Dated at Milwaukee, Wisconsin this 21st day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge