UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA D. SOLOMON,

        Plaintiff,

                                         Case No. 20-cv-66-pp

    v.

JANET PROTASIEWICZ,
ATTORNEY JOHN BIRDSALL,
THOMAS GALE, VICTORIA GALE,
MILWAUKEE COUNTY DISTRICT ATTORNEY'S OFFICE,
PORCHIA LEWAND, WILSON, KASBERGER,
WEST ALLIS POLICE DEPARTMENT,
NEW BERLIN POLICE DEPARTMENT,
SOJOURNER PEACE CENTER,
WISCONSIN OFFICE OF LAWYER REGULATION,
ATTORNEY MARK A. SCHOENFELDT,
ATTORNEY PAUL KSCINSKI, JOHN AND JANE DOES,
CHIEF JUDGE MAXINE A. WHITE,
WISCONSIN JUDICIAL COMMISSION,
WISCONSIN COURT OF APPEALS,
STATE OF WISCONSIN PUBLIC DEFENDER,
WISCONSIN DEPARTMENT OF JUSTICE,
WISCONSIN SUPREME COURT,
UNITED STATES SUPREME COURT,
US DISTRICT COURT FOR EASTERN DISTRICT OF WISCONSIN,
CARLY M CUSACK, MAYOR TOM BARRETT,
DANIELLE SHELTON, JUDGE LISA S. NEUBAUER, JOSH KAUL,
TONY EVERS, GWEN MOORE, LENA TAYLOR,
SHERIFF EARNELL LUCAS, NAACP,
MILWAUKEE ACLU CHAPTER/LGBT RIGHTS,
ANGELA LANG, RICK BANKS, EQUAL RIGHTS DIVISION,
MILWAUKEE POLICE DEPARTMENT DISTRICT 7,
WISCONSIN INNOCENCE PROJECT, and BRIAN POLCYN,

        Defendants.

**ORDER ADOPTING RECOMMENDATION (DKT. NOS. 4-5) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

1

On January 15, 2020, the plaintiff filed a sixty-five-page complaint against a lengthy list of defendants. Dkt. No. 1. In addition to the named defendants, she asked to include "any parties listed in the complaint that had a hand in falsely arresting [her] and jailing [her] and having [her] on probation, taking DNA and disrupting [her] life, career, family & friends lives over the [previous] four years," as well as "[i]nterfering with [her] career and means of income." Id. at 3. Shortly after the plaintiff filed the complaint, Judge Duffin issued an order granting her motion to proceed without prepaying the filing fee but recommending that this court dismiss the complaint; Judge Duffin informed the plaintiff that she had fourteen days to object to his recommendation or to file an amended complaint. Dkt. Nos. 4, 5.

The plaintiff filed a motion for an extension of time, which Judge Duffin granted.[1] On February 18, 2020, the plaintiff filed a seven-page "supplement," along with forty-nine pages of exhibits. Dkt. Nos. 6, 9. Noting that he could not determine whether the documents she had filed were objections to his recommendation or an attempt to amend her complaint, Judge Duffin gave the plaintiff a deadline of March 4, 2020 by which to file an objection to his January 21, 2020 recommendation, or to file an amended complaint addressing the deficiencies identified in that recommendation. Dkt. No. 10.

---

[1] Judge Duffin's order granting the plaintiff an extension of time was returned to the court as undeliverable. Dkt. No. 8. When Judge Duffin's deputy clerk contacted the plaintiff to verify the address, the plaintiff confirmed that the address to which the court had sent the order was correct but indicated that she had not received the order. Dkt. No. 10 at 1.

2

Judge Duffin told the plaintiff that if she elected to file an amended complaint, the amended complaint would take the place of the original complaint and must be complete on its own without reference to the original complaint. Id. at 2.

On March 4, 2020, the plaintiff filed a three-page objection with ten pages of exhibits. Dkt. No. 11. The court will overrule the objection, adopt Judge Duffin's recommendation and dismiss the case.

## I.    Legal Standard

If a party properly objects to any portion of a magistrate judge's recommendation, the court must review those portions *de novo*. Federal Rule of Civil Procedure 72(b). Otherwise, the court reviews the recommendation for clear error. Fed. R. Civ. P. 72(a); see Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). Because the plaintiff filed an objection, the court will apply the *de novo* standard.

## II.   Complaint

In the caption of the complaint filed on January 15, 2020, the plaintiff named a single defendant: Judge Jane Claire Protasiewicz. Dkt. No. 1 at 1. The Statement of Claim contains a lengthy list of defendants, along with a word or two indicating why she has named that individual. For example, after identifying Judge Protasiewicz, the plaintiff wrote "maliscious [sic] file/racism." Id. at 2. After Attorney John Birdsall's name, the plaintiff wrote "violation of code of ethics." Id. She wrote "conspiracy" next to Thomas Gale's name and

3

"perjury on the stand/filing false information" next to Victoria Gale's name.[2] Id. Next to "New Berlin Police," she wrote, "officer(s) calling my job & my cell." Id. Next to Sojourner Truth Peace Center, she wrote "[e]ach person who helped to write the fictitious DV report." Id. She indicates that she wants to sue anyone whose name appears in the sixty-four-page complaint who had anything to do with her arrest, prosecution, conviction and supervision. Id. at 3.

The plaintiff says that she was charged with multiple domestic violence charges while "the 'fabricated' victim in the case and [she] were NOT married." Id. at 7. She asserts that she actually was the victim in the case—a victim of racism, homophobia, malicious prosecution, perjury, jealousy, envy and a scorned person. Id. The criminal charges must have somehow involved a vehicle with a broken windshield; the plaintiff insists that the vehicle with the shattered windshield was "registered to another person" and that "you can't file a complaint with the DA's office if the vehicle IS NOT titled to you." Id. The plaintiff says that Judge Protasiewicz knows Victoria Gale and Gale's family; the plaintiff believes that Gale's parents are racist and she says Judge Protasiewicz plastered her name and the history of the case "all over the internet." Id.

Among other things, the plaintiff alleges that her attorney, Mark Schoenfeldt, just "ask you to plea and always says that going to trial is tricky.,

---

[2] While the plaintiff does not make it clear, the context of the allegations and other documents the plaintiff has filed indicate that Victoria Gale was the victim in a state prosecution of the plaintiff.

4

telling [the plaintiff] he is NOT sure how whites feel about the gay lifestyle in Wisconsin courts." Id. at 8. She asks why Judge Protasiewicz said that she was contacting Victoria Gale unprovoked, asking "[w]hen is it unlawful to contact another person?" Id. The plaintiff says that the West Allis Police Department asked her if she wanted to make a statement and that she said no, but claims they never told her to show up in court. Id. The plaintiff believes that Victoria Gale was in love with her and says that as the police pulled up to the car the plaintiff and Victoria Gale were in, Gale started "fake crying for the officers." Id. The plaintiff alleges that Victoria Gale is a "master liar and manipulator" and that the victim's "own father doesn't trust her." Id.

With respect to the prosecution, the plaintiff says her lawyers wouldn't let her listen to the 911 call or let her see any evidence. Id. at 9. She also says the officer lied about arresting her "from a curb" because she owns a house (she asks "why would I be sitting on a curb?") and asserts that she was sitting in Victoria Gale's car. Id. The plaintiff recounts the charges, explains why they were false and accuses both of her attorneys of committing misconduct, being crooked and not defending her. Id. at 10. She says Judge Protasiewicz forced one of the attorneys back on the case after the plaintiff had fired him. Id. at 11. She asserts that the Wisconsin Office of Lawyer Regulation is a joke and does nothing. Id.

The plaintiff believes that Judge Protasiewicz had interactions with her lawyers without her consent. Id. at 13. She thinks the judge also had contact with Victoria Gale's father, particularly on social media. Id. She alleges that

Judge Protasiewicz "handpicked" the case and the prosecutor, and that the judge or people acting as agents for the judge "contacted outside forces/sources to inquire" about the plaintiff. Id.

The plaintiff's allegations include a general claim of conspiracy predicated on the assertion that Thomas Gale, the victim's father, worked for the Sojourner Peace Center where the "DV report was doctored." Id. at 13-14. The plaintiff says that Victoria Gale tried to convince the plaintiff that Gale's father and the police were doing these things to the plaintiff. Id. at 14. The plaintiff asserts that friends were telling her that Gale was a prostitute, and that she was told that Gale "looked like a homeless troublemaker and a leach [sic]." Id. The plaintiff believes that everyone wanted revenge against the plaintiff because of the plaintiff's "growing popularity around the city." Id.

The plaintiff admits that she pled guilty to the underlying criminal charges. Id. at 15. She asserts, however, that she pled guilty because the judge told her attorney that the judge wouldn't allow a no contest plea and says the judge tried to force a public defender on her when she asked to represent herself. Id. According to the plaintiff, "they force people to plead guilty through: fear, intimidation, harassment, bullying, hiding, avoidance, coercion, non-responsiveness, being vague on your rights and options, threats, etc." Id. The plaintiff says her lawyer didn't know "lawyer 101 simple things;" she asserts that when he arrived to take her fee from her in the courthouse cafeteria, she thought she had been duped because he started "scribbling like a kindergartner on the contract," called her by someone else's name and had the

6

paperwork for the wrong person. Id. She assumes that he was "duping" other people, as well. Id.

The complaint contains a laundry list of incidents, including allegedly harassing activities by the officers who wanted to ruin the plaintiff's career, alleged comments made on Facebook by the victim about the plaintiff and the victim's alleged attempts to start a relationship with the plaintiff. Id. at 16, 17. She ascribes ill intent to the victim's father because he allegedly has a professional relationship with the judge. Id. at 19. She accuses the judge of lying in court documents, id. at 18, and asserts that the judge and Attorney Paul Ksicinski destroyed evidence from her file while making her miss appeal deadlines, id. at 19, 20. At one point, the plaintiff alleges that the judge abused her authority by "trying to force a make believe trial." Id. at 22. The plaintiff asserts that Attorney Ksicinski allegedly arrived four hours late to court and under the influence. Id. The plaintiff says that she reported all these facts to the Office of Lawyer Regulation, which allegedly did nothing. Id. at 22.

The plaintiff lists people or groups—Chief Judge Maxine White; the Wisconsin Judicial Commission, the Wisconsin Court of Appeals, the Office of Lawyer Regulation, the Wisconsin State Public Defender, the Wisconsin Department of Justice, the Wisconsin Supreme Court, the U.S. Supreme Court, this court, an attorney, former Milwaukee mayor Tom Barrett and many other organizations or public officials—followed by the words "use as habeas corpus re:" or "filing this as a complaint." Id. at 24-30. It appears that the plaintiff may have listed some of these organizations or individuals, not because she wanted

7

to sue them, but because she planned to copy them on the pleadings because the plaintiff believes they can help. For example, the plaintiff names Attorney Carly Cusack but thanks Cusack for filing her appeal with the Supreme Court and trying to clean up the mess "left unresolved" by the other lawyers. Id. at 27. She lists Judge Danielle Shelton and Judge Lisa Neubauer because she read about them and Governor Tony Evers because he can pardon people, and she appears to be trying to alert Congresswoman Gwen Moore, Senator Lena Taylor, the NAACP and the Equal Rights Division of the events she describes. Id. at 27-28. The plaintiff says she will be asking the Milwaukee Police Department, District 7 for its help, wants the West Allis Police Department to answer for its "frivolous report doctored to be a DV report" and wants the New Berlin Police Department to answer for sending an officer to her job and asking human resources about her. Id. at 28-29.

The plaintiff also lists "people of interest." Id. at 31-41. Next to some of the names of the "people of interest," she writes, "will elaborate when necessary," id. at 38; she appears to have listed others because they either helped the plaintiff or took some action against her. For example, she asserts that HOC (presumably Milwaukee County House of Corrections) staff members helped her in the law library and said she should not have been in the HOC. Id. at 39. But the Marquette Volunteer Legal Clinic allegedly leaked information to the district attorney's team. Id. at 38. The plaintiff includes a portion of what appears to be a letter or email, in which the plaintiff says that she will be filing a group complaint against everyone involved in "this matter":

8

[f]or: False incarceration, Violating my Freedom(s), Stress, Stripping my dignity, Stripping my humanity, Pride, Anxiety, Mental Anguish, Physical and Emotional distress, Weight loss, Defamation of my character by the judge, Taking my DNA samples (against my will), Fees paid to Probation, Fees paid to take Battery courses, when there was NO MENTION of a battery occurring, Slander, Perjury by witnesses, Perjury by West Allis Police in the police report, Perjury by MPD for not issuing the ticket that they gave me a report number stating that they would charge her, she later told me they hadn't issued her anything. When I called MPD they told me that they did in fact issue her a ticket for criminal damage to my property, but said the D.A. tossed it out. I had loss of wages while in H.O.C. and while on 2 years of probation, malice prosecution, job offer loss by recission, Perjury by Judge Janet Protasiewicz, job loss (firing), due to the New Berlin Police in cahoots with the West Allis police coming to my job and asking my manager if I worked there, without a warrant), false arrest twice for this case (first time they took me from Victoria's vehicle, not from the curb that they lied about). Second time I was a good citizen and turned myself in, but within those three weeks Victoria was talking to me every day for hours, Anxiety (due to this case), Harassment, Intimidation, Ineffective counsel, Breach of contract, Attorney-Client privilege was destroyed by both of my attorneys, Misconduct by police department(s), causing me to get fired by coming to my place of employment with no warrant, Misconduct of Janet Protasiewicz, Freedom of Speech violations, Violation of my Human Rights Violating my rights to bear arms (as a revenge for Thomas Gale having to temporarily give up his guns during the T.R.O.), Violating my Rights to due process, False Imprisonment, Conspiracy, Constitutional Rights violations, Discrimination based on race, age, sex and sexual orientation, Conspiracy and a slew of various other violations as a result of this misconduct!

Id. at 41-42.

The sixty-five-page, single-spaced complaint describes many ways in which the victim in the criminal prosecution allegedly lied about the events and includes many pejorative statements about the victim's character. Dkt. No. 1 at 1-55. On page 55, the plaintiff apologizes for the length of the complaint but explains these events have been weighing on her for the past five years. Id. at

9

55. That page is dated January 8, 2019—a year before the court received the complaint. Id. at 55.

> The plaintiff ends the complaint identifying the "Relief Wanted":

> I want restitution, loss wages, time served, freedom taken away, apology, modify arrest record, cost, humiliation, rights violated, injuries suffered in jail, fractured jaw and fingers, poor conditions, reputation, career, lost of opportunities & job offers, special occasions missed due to confinement. Relieve each person of their duties. I am in foreclosure and had to file bankruptcy. As a whole they caused these things to occur. Medical bills to see doctor & therapist for anxiety.

Id. at 64.

## III. Recommendation

Although Judge Duffin could not determine whom the plaintiff intended to name as defendants, he construed the allegations in the plaintiff's complaint as arising from her 2016 conviction for criminal damage to property. Dkt. No. 4 at 1. He explained that the publicly available docket showed that in 2016, the plaintiff had been charged with criminal damage to property and disorderly conduct in Milwaukee County Circuit Court, that she had pled guilty to the criminal damage to property charge and that the disorderly conduct charge had been dismissed and read in; the state had alleged that both charges were domestic abuse related. Id. (citing Milwaukee County Circuit Court Case No. 2016CM000842, available at https://wcca.wicourts.gov/). Judge Duffin recounted that the plaintiff had appealed, arguing that her plea was not voluntary, and that the Wisconsin Court of Appeals affirmed her conviction. Id.

at 2 (citing Wisconsin Court of Appeals Case No. 2018AP00298 available at https://wscca.wicourts.gov).

Judge Duffin granted the plaintiff's request to proceed without prepaying the filing fee. Id. at 2. Judge Duffin stated, however, that he could not discern any plausible claim over which the federal court had jurisdiction. Id. at 5. Judge Duffin explained that Judge Protasiewicz had presided over the state criminal case and recounted that judges are entitled to absolute immunity for their judicial actions. Id. He explained that the complaint named prosecutors and prosecutors' offices, but that prosecutors, too, had absolute immunity from liability for acts they take as advocates for the state. Id. at 5-6. Judge Duffin explained that the two lawyers who represented the plaintiff could not be sued for damages on the basis of alleged ineffective assistance of counsel, because damages were not available for that constitutional tort, and that if the plaintiff meant to allege legal malpractice claim, the federal court would not have jurisdiction over such a state-law cause of action because there was no indication that the plaintiff and her lawyers were citizens of different states. Id. at 6.

Judge Duffin indicated that he could not determine the nature of the plaintiff's claims against police officers and police departments. Id. He explained, however, that any claims against officers or police departments would appear to be inconsistent with the plaintiff's conviction, noting that "[w]hen a person has been convicted of a crime, that person cannot pursue a civil claim that would be inconsistent with that conviction." Id. (citing Heck v.

11

_Humphrey_, 512 U.S. 477, 487 (1994)). Judge Duffin also considered whether the plaintiff was attempting to bring a _habeas corpus_ petition, but concluded that if that was what she intended, _habeas_ relief was available only to an individual in custody as the result of a state-court judgment. Id. at 7. He noted that there was no indication that the plaintiff was "in custody" any longer for the 2016 conviction (for which she received eighteen months of probation). Id. And he explained that a person cannot obtain an award of damages by filing a _habeas_ petition. Id.

Judge Duffin recommended that this court dismiss the complaint and gave the plaintiff fourteen days to either file an objection or file an amended complaint. Id. He explained that an amended complaint must be complete on its own and could not refer back to the original complaint. Id. at 8.

## IV.   Objection

On January 31, 2020, the plaintiff filed a motion for extension of time, indicating that she was trying to obtain counsel. Dkt. No. 6. On February 3, 2020, Judge Duffin issued an order granting that request and giving the plaintiff a deadline of March 4, 2020 by which to file an objection or to file an amended complaint addressing the deficiencies identified in his January 21, 2020 recommendation. Dkt. No. 7. The order reiterated that any amended complaint would take the place of the original complaint. Id.

On March 4, 2020, the court received from the plaintiff a three-page objection. Dkt. No. 11. She objects to the dismissal of Judge Prostasiewicz and "other law enforcement officials" who allegedly violated her rights in retaliation

12

for her filing a temporary restraining order against the victim's father (whom she alleges is the judge's childhood friend). Id. at 1. The plaintiff says that Judge Prostasiewicz forced Attorney Mark Schoenfeldt to represent the plaintiff, knowing that the plaintiff had fired him. Id. The plaintiff asserts that she hired Attorney Paul Ksicinski "strictly to go to trial," and asserts that he "helped throw the case as well." Id. She asserts that both attorneys communicated with the judge on Facebook "before, during and after the trial" and that the judge should have recused herself. Id. She says she wants to charge "each" with disorderly conduct while in office and says they are not immune while committing misconduct. Id. She says she was subjected to "biases, mistreatment, criminal record, DNA and fingerprints taken, job loss, harassment, abuse of power by each of these people hiding behind their authority and badges." Id. at 2.

The plaintiff says an unnamed female police officer came to the plaintiff's home and started harassing tenants in early to mid-January 2016. Id. "They" harassed the plaintiff's tenants and were "stalking" the plaintiff at work. Id. The plaintiff claims that Judge Janet Protasiewicz acted outside of her judicial capacity by enlisting:

> State of Wisconsin employees, Prosecution team, Workers from the Sojourner Peace Center, DV unit from the Sojourner Peace Center (where the victim's father sits on the board), Police Officers/Process Servers: West Allis Police, Milwaukee Police and New Berlin Police, etc. victim in the case (Victoria Gale) and the victim's father (Thomas Gale) and the adoptive parents of Victoria Gale's children (that were adopted 20 years ago at birth). The judge in acting in this capacity DID NOT recuse herself, so at this point she was acting outside of her duties as a biased citizen.

13

Id. at 2. According to the plaintiff, the victim told the plaintiff that the judge was making her "show up as a victim." Id. at 3. The plaintiff says that the victim tried to force, scare and intimidate the plaintiff into leaving the plaintiff's spouse and dating the victim; she asserts that the victim filed the criminal lawsuit to get back at the plaintiff for rejecting her. Id.

The plaintiff attached a photo of herself with the victim as an exhibit to the objection, dkt. no. 11-1 at 1, as well as a copy an article by Linda Baldwin about suing for malicious prosecution, id. at 3. The plaintiff says that the photo is what sent the victim's father "over the edge;" she says she was at Pridefest and the victim "jumped in the photo," and that seeing the photo caused the victim's father to text and email the victim asking why the victim was "at gay events." Id. at 2.

## V.     Analysis

Judge Duffin recommended that this court dismiss the case at the screening stage because the complaint fails to state a claim for which a federal court may grant relief and seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(ii) and (iii). He cited Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short and plain statement showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although Judge Duffin did not recommend dismissal solely because the complaint violates Rule 8(a), the sixty-five-page complaint causes this court to be concerned about notice because one cannot tell from reading it exactly who the plaintiff intends to sue or why. See Rowlands v. United Parcel Serv. - Fort

14

Wayne, 901 F.3d 792, 800 (7th Cir. 2018). "[T]he issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is the appropriate remedy." Stanard v. Nygren, 658 F.3d 792, 797–98 (7th Cir. 2011).

The court has applied the *de novo* standard of review because the plaintiff filed an objection, although for the most part, the "objection" consists of repetition of many of the same allegations she made in the complaint. At the crux of the complaint is the investigation, detention, prosecution and eventual conviction and sentencing of the plaintiff in 2016.[3] The plaintiff believes that she was wrongly accused and prosecuted, that she was forced to plead guilty involuntarily and that she herself is a victim because of the alleged lies and misinformation spread by the victim and others in involved in the case.

The court must dismiss the case because a federal civil rights suit "cannot be used to seek damages under a theory that implies the invalidity of a standing criminal conviction." Raney v. Wisconsin, No. 21-1863, 2022 WL 110276, at *2 (7th Cir. Jan. 12, 2022) (citing Heck). The plaintiff's allegations amount to a claim of malicious prosecution. To prove malicious prosecution, a plaintiff must show that the alleged prosecution ended in her favor. Heck, 512

---

[3] Although the plaintiff says that some of the defendants made her miss deadlines for filing an appeal, the plaintiff *did* pursue a direct appeal. The Wisconsin Court of Appeals affirmed her conviction, as Judge Duffin noted, and the Wisconsin Supreme Court denied her petition for *certiorari* on January 15, 2019 (State v. Solomon, 385 Wis. 2d 342 (2019)).

15

U.S. at 484. This is because to allow someone who has been convicted of a crime to attack that conviction through a civil malicious prosecution claim would constitute a collateral attack on the finality of a criminal conviction. Id. The Heck Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87 (1994) (emphasis in original).

More recently, the Supreme Court applied the rule from Heck when holding that a §1983 claim for fabricating evidence in a criminal prosecution accrues upon acquittal rather than when the use of the evidence first caused a Constitutional deprivation. McDonough v. Smith, ___ U.S. ___, 139 S. Ct. 2149 (2019).

The plaintiff cannot sue for malicious prosecution unless she was acquitted (which she was not), her conviction was overturned on appeal (which it was not) or she has been pardoned or otherwise exonerated (she has provided no evidence that this has occurred). She cannot sue for fabrication of evidence because she has not been acquitted. The plaintiff had a remedy for the misconduct she alleges—she had the right to appeal. She did that. She was unsuccessful. She cannot now attack the conviction from a different direction by filing a civil rights suit.

16

The procedural posture of the case is worth noting. On July 20, 2016, the court sentenced the plaintiff to nine months in the House of Corrections, but stayed that sentence and placed her on probation for eighteen months. State v. Solomon, Case No. 2016CM000842 (Milwaukee County) (available at https://wcca.wicourts.gov). That period of probation would have expired in mid-January of 2018. The plaintiff's conviction became final long after that, in early 2019 when the Wisconsin Supreme Court denied her petition for review and she did not seek review in the United States Supreme Court. Id. A person who believes that she is wrongfully in custody may seek release by filing a petition for *habeas corpus* under 28 U.S.C. §2254. But a person may file a *habeas corpus* petition only if the person still is in custody (§2254(a)) and only after the person has "exhausted the remedies available in the courts of the State" (§2254(b)(1)(A)) by appealing to the highest court in the state. The plaintiff never had the opportunity to file a federal *habeas* petition because she was out of custody long before she had exhausted her remedies in state court.

The Seventh Circuit addressed this procedural situation in 2020, holding that regardless of the availability of *habeas* relief, Heck controls the outcome where a §1983 claim implies the invalidity of the conviction or the sentence. Savory v. Cannon, 947 F.3d 498, 431 (7th Cir. 2020). The Seventh Circuit disavowed language from any case that suggested that release from custody and the unavailability of *habeas* relief meant that §1983 must be available as a remedy. Id. The Seventh Circuit acknowledged that "*Heck* sets a high standard" by requiring that before a plaintiff may file a §1983 suit her criminal case must

17

terminate in her favor, and that "some valid claims will never make it past the courthouse door." Id. at 428. It appears that the plaintiff's is one of those cases: she cannot file a federal civil rights case to attack her criminal conviction and she could not have filed a federal *habeas* petition seeking release because of the timing of when her conviction became final. There may be remedies available to the plaintiff in state court, but there are none available in federal court.

Even if the complaint were not Heck-barred, there are other problems with the complaint because of the people or organizations the plaintiff has named as defendants (to the extent the court can discern who is being named as a defendant and who is being copied with the pleading). As Jude Duffin correctly explained, the plaintiff's claims against Judge Protasiewicz are barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity when, as here, the challenged actions are "judicial in nature." Brunson v. Murray, 843 F.3d 698, 710 (7th Cir. 2016); see Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

In her objection, the plaintiff attempts to carve out an exception to judicial immunity by asserting that the judge had a conflict of interest and that the alleged misconduct was outside the scope of her authority. But the law says that "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "This immunity applies even when the judge's actions are in

18

error, malicious, or in excess of his or her jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (7th Cir. 2000). Many of the actions about which the plaintiff complains—appointing counsel, setting conditions and presiding over the trial—are acts Judge Protasiewica took in her role as a judicial officer. While the plaintiff accuses the judge of presiding over both the trial and the appeal, the publicly available Court of Appeals decision shows that Judge Kessler wrote the appellate decision under Wis. Stat. §752.31(2). State v. Solomon, Appeal No. 2018AP298-CR, 2018 WL 4621184, *1, n.1 (Wis. Ct. App. Sept. 25, 2018).

The plaintiff has sued the district attorney, the D.A.'s office, the prosecution team and Porchia Lewand (an assistant district attorney). Judge Duffin was correct that "[p]rosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." Bianchi v. McQueen, 818 F.3d 309, 316 (7th Cir. 2016).

The plaintiff also appears to be trying to sue her defense attorneys. If she is trying to sue those attorneys for violating her civil rights, she cannot; 42 U.S.C. §1983 allows a citizen to sue someone who violated her constitutional rights "under color of" state law and "[l]awyers, even those appointed by the court, do not act under color of state law merely by representing their clients and responding to court orders." Hallett v. Brehm, 844 F. App'x 919, 919 (7th Cir. 2021). If she is trying to sue her lawyers for legal malpractice, she must do that in state court. Malpractice is a state-law cause of action, and federal

19

courts do not have jurisdiction over state-law claims unless the plaintiff is a citizen of a different state from every other defendant and the amount in controversy is over $75,000. 28 U.S.C. §1332. The plaintiff is a Wisconsin citizen and it appears that her lawyers are, too; she cannot sue them on a state-law malpractice claim in federal court.

As the court has noted, the plaintiff appears to have listed a number of the individuals or organizations for the purpose of trying to gain their attention or to signal her intention to send them copies of the allegations she makes in the complaint: "Chief Judge Honorable Judge Maxine White," Wisconsin Judicial Commission, Wisconsin Court of Appeals, the State of Wisconsin Public Defender, Wisconsin Department of Justice, Wisconsin Supreme Court, United States Supreme Court, United States District Court for the Eastern District of Wisconsin, Assistant State Public Defender Carly M. Cusack (whom the plaintiff later thanks for filing an appeal), former Mayor Tom Barrett, Attorney Danielle Shelton ("CC:"), Judge Lisa Neubauer (an appeals judge who did not participate in the plaintiff's appeal), Attorney General Josh Kaul, Governor Tony Evers, U.S. Congresswoman Gwen Moore, Senator Lena Taylor, Sheriff Earnell Lucas, NAACP, Milwaukee ACLU Chapter/LGBT Rights, Angela Lang/ Rick Banks (BLOC), Milwaukee Police Department: District 7 (from whom the plaintiff wants help), Wisconsin Innocence Project and Brian Polcyn (an investigative reporter).

If the court is incorrect, and the plaintiff intended to sue these individuals because she believes they have violated her rights and are liable to

20

her, any such claims fail because the plaintiff did not explain what any of these individuals did to violate her rights. "For constitutional violations under § 1983, 'a government official "is only liable for his or her own misconduct.""" Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. 2021) (citations omitted). Without any allegations about what each of these people or groups did to allegedly violate the plaintiff's constitutional rights, she has not stated a claim against them. Some of the defendants appear to be private persons or entities; as the court has explained, §1983 allows a person to sue people who violated her rights "under color of state law"—in other words, state officials or employees. Some of the organizations are not entities capable of being sued—such as the Wisconsin Department of Justice—because they are agencies of the state and thus, like the state, are entitled to sovereign immunity from suit. See Driftless Area Land Conservancy v. Valcq, 16 F.4th 508, 520 (7th Cir. 2021) (citations omitted).

It is clear that the plaintiff is very distraught over her arrest, prosecution and conviction. That distress has remained with her and she feels strongly that she should be able to address what happened. But the law does not allow her to do so in this federal court.

## VI.    Conclusion

The court **ADOPTS** the recommendation of Magistrate Judge Duffin to dismiss the case. Dkt. Nos. 4-5.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. <u>See</u> Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. <u>See</u> Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight (28) days of the entry of judgment. The court cannon extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects the plaintiff to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 24th day of October, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**